**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| SOCIETY INSURANCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| GLOBUS FOOD PRODUCTS, LLC, an Illinois | ) | |
| Limited Liability Company, | ) | **JURY TRIAL DEMANDED** |
| and KATHRYN ROMINE. | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW Plaintiff SOCIETY INSURANCE ("Society"), by and through undersigned counsel, and for its Complaint for Declaratory Judgment against Defendants GLOBUS FOOD PRODUCTS, LLC, an Illinois Limited Liability Company ("Globus"), and KATHRYN ROMINE ("Romine"), states as follows:

**INTRODUCTION**

1.      This is an action for declaratory judgment brought pursuant to 28 U.S.C. § 2201, for the purpose of determining a question of actual controversy regarding Society's obligation to provide insurance coverage to Defendant Globus with respect to a putative class action filed by Defendant Romine against Defendant Globus that is pending in the Circuit Court of the City of St. Louis, Missouri. Romine alleges that Defendant Globus engaged in deceptive marking practices with respect to the advertising of its Mystic Pizza and, in doing so, violated the Missouri Merchandising Practices Act. These allegations do not come within the scope of coverage under the insurance policies that Society issued to Defendant Globus.

1

## PARTIES, JURISDICTION, AND VENUE

2.     Plaintiff Society is an insurance company incorporated and domiciled in Wisconsin, with its principal place of business in Fond du Lac, Wisconsin, and a citizen of Wisconsin, for purposes of this Court's jurisdiction.

3.     Defendant Globus is a limited liability company organized and existing under the laws of the State of Illinois. Upon information and belief, no member of Globus is a citizen of Wisconsin.

4.     Defendant Globus has purposefully availed itself of the privilege of conducting business in the jurisdiction through its alleged sale and distribution of pizzas in the state of Missouri.

5.     Defendant Romine is a citizen of St. Louis, Missouri. Romine is joined as a defendant herein solely to be bound by the judgment rendered in this cause. Plaintiff seeks no specific or affirmative relief against Defendant Romine, and in the event she agrees and stipulates in writing to be bound by this Court's judgment, Plaintiff will dismiss Defendant Romine from this action.

6.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1). There is a diversity of citizenship between Plaintiff and each defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.     Venue is proper pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to this litigation occurred in this Judicial District and the parties reside and/or conduct business in this Judicial District.

## **ALLEGATIONS OF ROMINE LAWSUIT**

8.      On or about March 9, 2021, Defendant Romine filed a Petition in the Circuit Court of the City of St. Louis, Missouri, under cause number 2122-CC00493, against Defendant Globus ("Romine Lawsuit"). A copy of said Petition is attached hereto as Exhibit A.

9.      The Romine Lawsuit alleges Defendant Globus labels its Mystic Pizza brand spinach pizza and cheese pizza as "All Natural" and having "No Artificial Ingredients."  It is alleged that the pizzas contain powdered cellulose, an anti-caking agent that FDA regulations identify as synthetic.

10.     The Romine Lawsuit further alleges that the use of powdered cellulose is in direct contravention to the express representation made on the label that the pizzas are "All Natural" and have "No Artificial Ingredients."

11.     The Romine Lawsuit alleges Defendant Globus' representations regarding its pizzas are unfair, false, deceptive and misleading.  It is alleged that the representation on the label that the pizzas are "All Natural" and contain "No Artificial Ingredients" misleads consumers into believing the pizzas do not contain artificial, synthetic ingredients, when in fact the pizzas contain the allegedly synthetic ingredient powdered cellulose.

12.     According to the Romine Lawsuit, "[b]y affixing such a label to the packaging of the Pizzas, Defendants can entice consumers like Plaintiff to pay a premium for the Pizzas or pay more for them than they otherwise would have had the truth be known."

13.     The Romine Lawsuit alleges that Globus' misrepresentations violate the Missouri Merchandising Practices Act's ("MMPA") prohibitions of the use of deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or

omission of any material fact about the sale or advertisement of any merchandise in trade or commerce.

14.     The Romine Lawsuit purports to bring the lawsuit on behalf of Romine and a Class consisting of "Missouri citizens who purchased Mystic Pizza brand "All Natural" Spinach Pizza and/or "All Natural" Cheese Pizza. . . in the five years preceding the filing of this Petition."

15.     The Romine Lawsuit seeks recovery under the MMPA, § 407.020 RSMo. In the alternative, it pleads claims for breach of express warranty and unjust enrichment.  It seeks compensatory damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

## THE SOCIETY POLICIES

16.     Society issued a primary policy of insurance to Defendant Globus, policy number BP19044012-0, with a policy period of December 13, 2019 through December 13, 2020. Society, thereafter, issued a second primary policy to Defendant Globus, policy number BP19044012-1, for the policy period December 13, 2020 through December 13, 2021. Both policies will be referred to collectively as "the Society Primary Policies" and are attached hereto as Group Exhibit B.

17.     Each of the Society Primary Policies contains the following provisions:

**A. Coverages**

**1. Business Liability**

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages

for "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply. We may at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result. But:

\*     \*     \*

**b.**     This insurance applies:

**(1)** To "bodily injury" and "property damage" only if:

**(a)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(b)** The "bodily injury" or "property damage" occurs during the policy period; and

**(c)** Prior to the policy period, no insured listed under Paragraph **C.1.** Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim knew that "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known before the policy period.

\*     \*     \*

**(2)** To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

\*     \*     \*

**B.**     **Exclusions**

**1.**     **Applicable to Business Liability Coverage**

This insurance does not apply to:

**a.**     **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\*     \*     \*

5

**o.   Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

**(1)**   "Your product";
**(2)**   "Your work"; or
**(3)**   "Impaired property";

If such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

**p.   Personal And Advertising Injury**

"Personal and advertising injury":

**(1)** Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury";

**(2)** Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;

**(3)** Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;

\*      \*      \*

**(6)** Arising out of the failure of goods, products, or services to conform with any statement of quality or performance made in your "advertisement";

\*      \*      \*

**F.   Liability And Medical Expenses Definitions**

**1.** "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

**a.**   Notices that are published include material placed on the Internet or on similar electronic means of communication; and

    **b.**      Regarding web-sites, only that part of a web-site that is about your goods, products, or services for the purposes of attracting customers or supporters is considered an advertisement.

*     *     *

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offense:

    **a.**    False arrest, detention or imprisonment;

    **b.**    Malicious prosecution;

    **c.**    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    **d.**    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    **e.**    Oral or written publication, in any manner, of material that violates a person's right of privacy;

    **f.**    The use of another's advertising idea in your "advertisement"; or

    **g.**    Infringing upon another's copyright, trade dress or slogan in your "advertisement".

*     *     *

**17.** "Property damage" means:

    **a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.**    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

*     *     *

18.     Society issued an umbrella policy of insurance to Defendant Globus, policy number UM19044014-0, with a policy period of December 13, 2019 through December 13, 2020. Society, thereafter, issued a second umbrella policy to Defendant Globus, policy number UM19044014-1, for the policy period December 13, 2020 through December 13, 2021. Both policies will be referred to collectively as "the Society Umbrella Policies" and are attached hereto as Group Exhibit C.

19.     Each of the Society Umbrella Policies contains the following provisions:

## COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM

**SECTION I – COVERAGES**
**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.      Insuring Agreement**
   **a.**     We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .

   **b.**     This insurance applies:
      1)     To "bodily injury" and "property damage" only if:
         **(a)**   The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
         **(b)**   The "bodily injury" or "property damage" occurs during the policy period; and
         **(c)**   Prior to the policy period, no insured listed under Paragraph **C.1.** Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy

period will be deemed to have been known before the policy period.

* * *

d.    "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph C.1. Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

1)    Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

2)    Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

3)    Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

*       *       *

2.    **Exclusions**

This insurance does not apply to:

a.    **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

*       *       *

q.    **Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

(1)    "Your product";

(2)    "Your work"; or

(3)    "Impaired property";

If such product, work or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

*       *       *

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

1. **Insuring Agreement**

   a.   We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "personal and advertising injury" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. . .

   b.   This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

*       *       *

2. **Exclusions**

   This insurance does not apply to:

   a.   **"Personal And Advertising Injury":**

      **(1) Knowing Violation of Rights of Another**
      Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury";

      **(2) Material Published with Knowledge of Falsity**
      Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;

      **(3) Material Published Prior to Policy Period**
      Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

*       *       *

      **(7) Quality or Performance of Goods – Failure to Conform to Statements**
      Arising out of the failure of goods, products, or services to conform with any statement of quality or performance made in your "advertisement".

*       *       *

**SECTION V – DEFINITIONS**

1.    "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

    a.    Notices that are published include material placed on the Internet or on similar electronic means of communication; and

    b.    Regarding websites, only that part of a website that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

3.    "Bodily injury" means bodily injury, disability, sickness, or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury resulting from "bodily injury".

13.   "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14.   "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:
    **a.**   False arrest, detention or imprisonment;
    **b.**   Malicious prosecution;
    **c.**   The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
    **d.**   Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
    **e.**   Oral or written publication, in any manner, of material that violates a person's right of privacy;
    **f.**   The use of another's advertising idea in your "advertisement"; or
    **g.**   Infringing upon another's copyright, trade dress or slogan in your "advertisement".

18.   "Property damage" means:
    **a.**   Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
    **b.**   Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

*        *        *

**<u>PERSONAL INJURY – FOLLOWING FORM</u>**

This policy does not apply to any liability for Coverage B – Personal injury unless coverage is provided by valid "underlying insurance".  The coverage provided by this policy will not be broader than the coverage provided by the primary insurance policy.

*       *       *

## COUNT I – There Exists No Coverage Under Society Primary Policies Because Allegations Are Not Within Insuring Agreement

20.     Plaintiff Society realleges Paragraphs 1–19 as Paragraph 20 of Count I as if fully set forth herein.

21.     The Society Primary Policies provide that Society will defend Defendant Globus against any suit seeking damages based on "bodily injury," "property damage," or "personal and advertising injury" to which the Society Policies apply. The Society Primary Policies define "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

22.     The Romine Lawsuit does not allege bodily injury, sickness, or disease sustained by a person and, therefore, the Romine Lawsuit does not allege "bodily injury" within the meaning of the Society Primary Policies.

23.     The Society Primary Policies define "property damage" as (a) "Physical injury to tangible property, including all resulting loss of use of that property," or (b) "Loss of use of tangible property that is not physically injured."

24.     The Romine Lawsuit does not allege physical injury to tangible property or loss of use of tangible property and, therefore, does not allege "property damage" within the meaning of the Society Primary Policies.

25.     The Society Primary Policies do not cover "bodily injury" or "property damage" unless it is caused by an "occurrence," defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

26.     The Romine Lawsuit does not allege an "occurrence" within the meaning of the Society Primary Policies.

27.     The Society Primary Policies define "personal and advertising injury" as injury arising out of the offenses of (a) false arrest, detention, or imprisonment; (b) malicious prosecution; (c) wrongful eviction; (d) slander or libel; (e) publication of material that violates a person's right of privacy; (f) use of another's advertising idea in the insured's advertisement; or (g) infringing upon another's copyright, trade dress, or slogan in the insured's advertisement.

28.     The Romine Lawsuit does not allege conduct falling within the offenses listed in the definition of "personal and advertising injury" or any injury resulting from those offenses.

29.     Society therefore has no duty under the Society Primary Policies to defend or to indemnify Defendant Globus with respect to the Romine Lawsuit and the conduct alleged within said lawsuits.

30.     Upon information and belief, the defendants disagree with the foregoing positions.

31.     There is an actual and justiciable controversy between the parties, which may be determined by a judgment order of this Court. Pursuant to the terms of 28 U.S.C. § 2201, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce same.

WHEREFORE, Plaintiff SOCIETY requests this Court enter an order:

a.      Finding and declaring that the Romine Lawsuit and the conduct alleged within said lawsuit does not seek recovery for "bodily injury" or "property damage" caused by an "occurrence" or for "personal and advertising injury" caused by an offense as those terms are defined by the Society Primary Policies and the law;

b.      Finding and declaring that Society therefore has no obligation under the Society Primary Policies to defend or indemnify Defendant Globus with respect to the Romine Lawsuit and the conduct alleged within said lawsuit; and

c.      Granting Society any and all other relief this Court deems proper.

**COUNT II – There Exists No Coverage Under Society Primary Policies Because of Policy Exclusions**

32.     Pleading in the alternative and without prejudice to its other pleadings and allegations, Plaintiff Society realleges Paragraphs 1–31 as Paragraph 32 of Count II as if fully set forth herein.

33.     There is no insurance coverage for a claim or suit that comes within the exclusions of the Society Primary Policies.

34.     The Society Primary Policies exclude coverage for "'bodily injury' or 'property damage' expected or intended from the standpoint of the insured."

35.     The Society Primary Policies also exclude coverage for "personal and advertising injury" caused by or at the direction of Defendant Globus with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

36.     The Society Primary Policies also exclude coverage for "personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of Defendant Globus with the knowledge of its falsity.

37.     Even if the Romine Lawsuit alleged "bodily injury" or "property damage" within the meaning of the Society Primary Policies, which is denied, the lawsuit would allege only "bodily injury" or "property damage" expected or intended from the standpoint of Defendant Globus and, therefore, is excluded from coverage under the Society Primary Policies.

38.     Additionally, even if the Romine Lawsuit alleged "personal and advertising injury" within the meaning of the Society Primary Policies, which is denied, the lawsuit would allege only "personal and advertising injury" caused by or at the direction of Defendant Globus

with the knowledge the act would violate the rights of another and would inflict "personal and advertising injury" and, therefore, is excluded from coverage under the Society Primary Policies.

39.     Further, even if the Romine Lawsuit alleged "personal and advertising injury" within the meaning of the Society Primary Policies, which is denied, the lawsuit would allege only "personal and advertising injury" arising out of oral or written publication of material done by or the direction of Defendant Globus with the knowledge that the information was false and, therefore, is excluded from coverage under the Society Primary Policies.

40.     Exclusion P(6) of the Society Primary Policies excludes coverage for "personal and advertising injury" arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your advertisement; and arising out of the wrong description of the price of goods, products, or services stated in your advertisement, which applies here to prevent coverage under the Society Primary Policies for the Romine Lawsuit.

41.     The Society Primary Policies also exclude coverage for "personal and advertising injury" arising out of written publication of material whose first publication took place before the beginning of the policy period.

42      The Romine Lawsuit seeks certification of a class beginning on or about March 10, 2016, and therefore there would be no coverage to the extent the allegedly improper labeling of the pizzas took place before the beginning of Society's first policy period of December 13, 2019 through December 13, 2020.

43.     There also is no coverage pursuant to the exclusions "Recall of Products, Work Or Impaired Property", identified as Exclusion O in the Society Policies.

44.     Further, no coverage is available for any treble damages, interest, or injunctive relief requested against or from Defendant Globus as they are not considered damages under the Society Primary Policies and by operation of law.

45.     No exceptions apply to prevent application of the aforementioned exclusions.

46.     Upon information and belief, one or more defendants disagree with the foregoing positions.

47.     There is an actual and justiciable controversy between the parties, which may be determined by a judgment order of this Court. Pursuant to the terms of 28 U.S.C. § 2201, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce same.

WHEREFORE, Plaintiff SOCIETY requests this Court to enter an order:

a.      In the alternative to the declaration sought in Count I, finding and declaring that the allegations of the Romine Lawsuit and the conduct alleged therein is excluded from the coverage of the Society Primary Policies and the law;

b.      Finding and declaring that Society therefore has no obligation under the Society Primary Policies to defend or indemnify Defendant Globus with respect to the Romine Lawsuit conduct alleged within said lawsuit; and

c.      Granting Plaintiff Society any and all other relief this Court deems proper.

**COUNT III – There Exists No Coverage Under Society Umbrella Policies Because Allegations Are Not Within Insuring Agreement**

48.     Plaintiff Society realleges Paragraphs 1–47 as Paragraph 48 of Count III as if fully set forth herein.

49.     The Society Umbrella Policies provide that Society will defend Defendant Globus against any suit seeking damages based on "bodily injury," "property damage," or "personal and advertising injury" to which the Society Umbrella Policies apply. The Society Umbrella Policies define "bodily injury" as "bodily injury, disability, sickness or disease sustained by a person, including death resulting from any of these at any time" and "includes mental anguish or other mental injury resulting from 'bodily injury'".

50.     The Romine Lawsuit does not allege bodily injury, disability, sickness, or disease sustained by a person and, therefore, the Romine Lawsuit does not allege "bodily injury" within the meaning of the Society Umbrella Policies.

51.     The Society Umbrella Policies define "property damage" as (a) "Physical injury to tangible property, including all resulting loss of use of that property," or (b) "Loss of use of tangible property that is not physically injured."

52.     The Romine Lawsuit does not allege physical injury to tangible property or loss of use of tangible property and, therefore, does not allege "property damage" within the meaning of the Society Umbrella Policies.

53.     The Society Umbrella Policies do not cover "bodily injury" or "property damage" unless it is caused by an "occurrence," defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

54.     The Romine Lawsuit does not allege an "occurrence" within the meaning of the Society Umbrella Policies.

55.     The Society Policies define "personal and advertising injury" as injury arising out of the offenses of (a) false arrest, detention, or imprisonment; (b) malicious prosecution; (c) wrongful eviction; (d) slander or libel; (e) publication of material that violates a person's right of

privacy; (f) use of another's advertising idea in the insured's advertisement; or (g) infringing upon another's copyright, trade dress, or slogan in the insured's advertisement.

56.    The Romine Lawsuit does not allege conduct falling within the offenses listed in the definition of "personal and advertising injury" or any injury resulting from those offenses.

57.    Society therefore has no duty under the Society Umbrella Policies to defend or to indemnify Defendant Globus with respect to the Romine Lawsuit and the conduct alleged within said lawsuits.

58.    Moreover, the Society Umbrella Policies contain an endorsement stating that the Policies do not apply to any liability for Coverage B – Personal injury unless coverage is provided by valid "underlying insurance."

59.    The Commercial General Liability Schedule of the Society Umbrella Policies identify the Society Primary Policies as the "underlying insurance."

60.    Because the Society Primary Policies do not provide coverage for Defendant Globus for the Romine Lawsuit and conduct alleged within, the Society Umbrella Policies also do not provide coverage for the same.

61.    Upon information and belief, the defendants disagree with the foregoing positions.

62.    There is an actual and justiciable controversy between the parties, which may be determined by a judgment order of this Court. Pursuant to the terms of 28 U.S.C. § 2201, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce same.

WHEREFORE, Plaintiff SOCIETY requests this Court enter an order:

a.    Finding and declaring that the Romine Lawsuit and the conduct alleged within said lawsuit does not seek recovery for "bodily injury" or "property damage" caused by an "occurrence" or for "personal and advertising injury" caused by an offense as those terms are defined by the Society Umbrella Policies and the law;

b.    Finding and declaring that Society therefore has no obligation under the Society Umbrella Policies to defend or indemnify Defendant Globus with respect to the Romine Lawsuit and the conduct alleged within said lawsuit; and

c.    Granting Society any and all other relief this Court deems proper.

## COUNT IV – There Exists No Coverage Under Society Umbrella Policies Because of Policy Exclusions

63.    Pleading in the alternative and without prejudice to its other pleadings and allegations, Plaintiff Society realleges Paragraphs 1–62 as Paragraph 63 of Count IV as if fully set forth herein.

64.    There is no liability coverage for a claim or suit that comes within the exclusions of the Society Umbrella Policies.

65.    The Society Umbrella Policies exclude coverage for "'bodily injury' or 'property damage' expected or intended from the standpoint of the insured."

66.    The Society Umbrella Policies also exclude coverage for "personal and advertising injury" caused by or at the direction of Defendant Globus with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

67.    The Society Umbrella Policies also exclude coverage for "personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of Defendant Globus with the knowledge of its falsity.

19

68.     Even if the Romine Lawsuit alleged "bodily injury" or "property damage" within the meaning of the Society Umbrella Policies, which is denied, the lawsuit would allege only "bodily injury" or "property damage" expected or intended from the standpoint of Defendant Globus and, therefore, is excluded from coverage under the Society Umbrella Policies.

69.     Additionally, even if the Romine Lawsuit alleged "personal and advertising injury" within the meaning of the Society Umbrella Policies, which is denied, the lawsuit would allege only "personal and advertising injury" caused by or at the direction of Defendant Globus with the knowledge the act would violate the rights of another and would inflict "personal and advertising injury" and, therefore, is excluded from coverage under the Society Umbrella Policies.

70.     Further, even if the Romine Lawsuit alleged "personal and advertising injury" within the meaning of the Society Umbrella Policies, which is denied, the lawsuit would allege only "personal and advertising injury" arising out of oral or written publication of material done by or at the direction of Defendant Globus with the knowledge that the information was false and, therefore, is excluded from coverage under the Society Umbrella Policies.

71.     The Society Umbrella Policies also exclude coverage for "personal and advertising injury" arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your advertisement, which applies here to prevent coverage under the Society Umbrella Policies for the Romine Lawsuit.

72.     The Society Umbrella Policies also exclude coverage for "personal and advertising injury" arising out of written publication of material whose first publication took place before the beginning of the policy period.

73.     The Romine Lawsuit seeks certification of a class beginning on or about March 10, 2016, and therefore there would be no coverage to the extent the allegedly improper labeling of the pizzas took place before the beginning of Society's first policy period of December 13, 2019 through December 13, 2020.

74.     There also is no coverage pursuant to the exclusions "Recall of Products, Work Or Impaired Property", identified as Exclusion q of Coverage A in the Society Umbrella Policies.

75.     Further, no coverage is available for any treble damages, interest, or injunctive relief requested against or from Defendant Globus as they are not considered damages under the Society Umbrella Policies and by operation of law.

76.     No exceptions apply to prevent application of the aforementioned exclusions.

77.     Upon information and belief, the defendants disagree with the foregoing positions.

78.     There is an actual and justiciable controversy between the parties, which may be determined by a judgment order of this Court. Pursuant to the terms of 28 U.S.C. § 2201, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce same.

WHEREFORE, Plaintiff SOCIETY requests this Court to enter an order:

a.      In the alternative to the declaration sought in Count III, finding and declaring that the allegations of the Romine Lawsuit and the conduct alleged therein is excluded from the coverage of the Society Umbrella Policies and the law;

b.      Finding and declaring that Society therefore has no obligation under the Society Umbrella Policies to defend or indemnify Defendant Globus with respect to the Romine Lawsuit conduct alleged within said lawsuit; and

c.      Granting Plaintiff Society any and all other relief this Court deems proper.

## COUNT V – There Exists No Coverage Under Society Primary and Umbrella Policies Because Outside of Policy Period

79.     Pleading in the alternative and without prejudice to its other pleadings and allegations, Plaintiff Society realleges Paragraphs 1–78 as Paragraph 79 of Count V as if fully set forth herein.

80.     The Society Primary and Umbrella Policies (collectively, "the Society Policies") began coverage on December 13, 2019 and will end on December 13, 2021.

81.     The Romine Lawsuit seeks certification of class of all Missouri residents that have purchased Mystic Pizza brand "All Natural" Spinach Pizza and "All Natural" Cheese Pizza since March 9, 2016.

82.     The Society Policies provide coverage only for "bodily injury" and "property damage" occurring within the policies' policy period, and only if the insured did not know that the injury or damage had occurred prior to the inception of the Society Policies.

83.     There is no coverage under the Society Policies because, even assuming the Romine Lawsuit contained allegations of "bodily injury" or "property damage" caused by an occurrence", said "bodily injury" or "property damage" began and was known by Defendant Globus prior to the inception of the Society Polices.

84.     Additionally, the Society Policies exclude coverage for "Personal and Advertising Injury" that arises out of "oral or written publication of material whose first publication took place before the beginning of the policy period."

85.     Therefore, even assuming the Romine Lawsuit contained allegations of "Personal and Advertising Injury", there is no coverage under the Society Policies for "Personal and Advertising Injury" because said wrongful material was first published prior to the inception of the first policy period of the Society Policies.

86.     Upon information and belief, the defendants disagree with the foregoing positions.

87.     There is an actual and justiciable controversy between the parties, which may be determined by a judgment order of this Court. Pursuant to the terms of 28 U.S.C. § 2201, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of all parties and give such other and further relief as may be necessary to enforce same.

WHEREFORE, Plaintiff SOCIETY requests this Court to enter an order:

a.      In the alternative to the declaration sought in Counts I-IV, finding and declaring that Society has no obligation under the Society Policies to defend or indemnify Defendant Globus with respect to the Romine Lawsuit and conduct alleged within said lawsuits; and

b.      Granting Plaintiff Society all other and further relief this Court deems proper.

**A TRIAL BY JURY OF TWELVE IS DEMANDED ON ALL COUNTS SO TRIABLE.**

Respectfully submitted,

By: /s/ *Richard I. Woolf*_____
Richard I. Woolf, MO58146
Baker Sterchi Cowden & Rice LLC
100 N. Broadway, 21st Floor
St. Louis, MO 63102
(314) 345-5000 Main
(314) 345-5055 Facsimile
rwoolf@bakersterchi.com
**Attorneys for Plaintiff Society Insurance**

and

/s/ *Michael D. Sanders*_____
Michael D. Sanders, IL6230187, *pro hac vice*
Barrett W. Whalen, IL 6287662, *pro hac vice*
Purcell & Wardrope, CHTD
33. N. Dearborn Street, Suite 1430
Chicago, IL 60602
(312) 427-3900 Main
(312) 427-3922 Facsimile
MSanders@pw-law.com
BWhalen@pw-law.com